IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | |
| $121,679.11 IN FUNDS SEIZED | ) | |
| FROM SYNOVUS BANK | ) | |
| ACCOUNT NUMBER | ) | |
| XXXXXX3661 HELD IN THE | ) | |
| NAME OF RENEGADE | ) | |
| RECORDS, LLC, | ) | |
| | ) | |
| Defendant. | | |

## VERIFIED COMPLAINT FOR FORFEITURE

COMES NOW, the United States of America, Plaintiff in the above-styled

civil action, pursuant to 18 U.S.C. § 981(a)(1)(C) and 18 U.S.C. § 981(a)(1)(A), and

files this verified Complaint for Forfeiture, showing the Court as follows:

1.     On or about November 18, 2021, agents with the United States Secret Service

("USSS") seized $121,679.11 in funds from Synovus Bank account number

XXXXXX3661, held in the name of Renegade Records, LLC.

2.     The Defendant Funds are presently within the jurisdiction of this Court and

are being held in a government account maintained by the USSS.

3.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

4.   This Court has in rem jurisdiction over the Defendant Funds pursuant to 28 U.S.C. §1355(b)(1)(A) because the acts or omissions giving rise to the forfeiture occurred in this district.

5.   Venue is proper in this district pursuant to 28 U.S.C. §§ 1355, 1391, and 1395 because the acts or omissions giving rise to the forfeiture occurred in this district and the property is located in this district.

## II. FORFEITURE STATUTES

6.   The Defendant Funds are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) because the funds are derived from proceeds traceable to violations of 18 U.S.C. §§ 1343 (wire fraud) and 1344 (bank fraud).

7.   The Defendant Funds are also subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) because they constitute property involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956 and/or 1957 or are property traceable to such property.

## III. BASIS FOR FORFEITURE

8.   On March 29, 2020, the Coronavirus Aid, Relief, and Economic Security (CARES) Act was enacted into federal law.

9.    The CARES Act was designed to provide emergency financial assistance to millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic.

10.   The sources of funding for small businesses were the Paycheck Protection Program ("PPP") and the Economic Injury Disaster Loans Program ("EIDL").

11.   To obtain a PPP loan, it was necessary for a qualifying business to submit a PPP loan application, signed by an authorized representative of the business.

12.   The PPP loan application required the business, through its authorized representative, to acknowledge the program rules and make certain affirmative representations and certifications.

13.   In the PPP loan application, the small business, through its authorized representative, was required to state its average monthly payroll expenses and its number of employees.

14.   Further, businesses applying for a PPP loan were required to provide documentation showing their payroll expenses.

15.   Pursuant to the provisions governing the PPP program, PPP loan proceeds were required to be used by the business on certain permissible expenses,

such as payroll costs, interest on mortgages, rent, and utilities.

16.    To obtain an EIDL loan, applicants were required to submit personal and business information in support of each application, such as the size of the business, the number of employees, and the gross business revenue in the 12 months prior to COVID-19.

17.    The provided information determined the amount of EIDL loan proceeds the business was eligible to receive.

18.    The provisions governing the EIDL required that the loan proceeds be used on certain permissible business expenses, such as fixed debts, payroll, accounts payable, and other bills resulting from the pandemic.

19.    Although EIDL applicants were not required to provide supporting documentation, they were required to affirm that the information they submitted was true and correct under the penalty of perjury and applicable criminal statutes.

**PPP and EIDL Loan Fraud Investigation Background**

20.    On or about September 15, 2020, the USSS Atlanta Field Office received information from Synovus Bank that Synovus Bank account number XXXXXX3661, held in the name of Renegade Records, LLC ("Synovus Bank #3661") received multiple SBA loan deposits that were suspicious.

21.   Specifically, from on or about June 29, 2021, through July 16, 2021, Synovus Bank #3661 received proceeds from three SBA loans totaling $219,700.00.

22.   Investigation indicated that the Synovus Bank #3661 deposits were based on fraudulent representations in loan applications.

23.   Further, the investigation revealed Renegade Records, LLC was not an active business on or before February 1, 2020, as was necessary to qualify for the EIDL loan.

24.   Similarly, Renegade Records, LLC was not an active established business on or before February 15, 2020, as was necessary to qualify for PPP loans under the terms applicable to those loans.

25.   On or about September 21, 2020, Synovus froze Synovus Bank #3661 due to the suspected fraud.

26.   At the time Synovus Bank #3661 was frozen, its balance was $121,679.11.

**Kendall Rouser's June 29, 2020 EIDL SBA Loan**

27.   Kendall Rouser submitted the forms in support of the EIDL application for his purported business, Renegade Records, LLC.

28.   Instead of providing an Employer Identification Number (EIN) that was assigned to the business by the Internal Revenue Service (IRS), Rouser used his social security number as the business tax ID for Renegade Records, LLC.

29.   Rouser asserted in the EIDL loan application that Renegade Records paid wages to 13 employees.

30.   The investigation revealed no evidence of any online presence for Renegade Records, LLC from 2010 through 2020.

31.   Further, the IRS did not issue Renegade Records, LLC an EIN until March 23, 2020, **after** the CARES Act eligibility deadlines.

32.   A database search of the Georgia Department of Labor for the EIN assigned to Renegade Records LLC revealed no results.

33.   The lack of results with the Georgia Department of Labor revealed that the company had neither paid wages nor withheld Georgia state employee taxes from January 1, 2020, through December 31, 2020.

34.   On or about June 25, 2020, Renegade Records was approved for an EIDL loan totaling $79,800.00.

35.   On or about June 29, 2020, $79,700.00 in EIDL loan proceeds was deposited into Synovus Bank #3661.

### Kendall Rouser's July 7, 2020 EIDL Grant

36.   EIDL grants were also available under the SBA EIDL loan assistance program as proceeds that were not required to be repaid.

37.   Under the EIDL requirements, the amount of the EIDL grant was based on

the number of employees.

38.    An applicant could receive $1,000 per employee up to a maximum grant amount of $10,000.00.

39.    Renegade Records LLC's claim in its EIDL application that it had thirteen employees qualified the company for the maximum $10,000 EIDL grant.

40.    However, Renegade Records LLC did not pay any employees during 2019 or 2020.

41.    On or about July 7, 2020, Synovus Bank #3661 received an EIDL grant for $10,000.00.

## July 16, 2020 PPP Loan

42.    Rouser also submitted a PPP loan application on behalf of Renegade Records LLC.

43.    In the application, Rouser claimed that Renegade Records LLC employed seven employees and had a monthly payroll of $52,000.00.

44.    Rouser submitted fraudulent bank statements to support the PPP loan application.

45.    One such statement purported to show transactions that occurred between January 24, 2020, and February 30, 2020.

46.    However, Synovus Bank #3661 was not opened until June 24, 2020.

47.   Further, the bank statements showed no evidence of employee payroll payments.

48.   In support of the PPP loan application, Rouser also submitted a 2019 Employer's Annual Tax Return that purported to show wages paid of $618,240.25.

49.   The tax return submitted in support of the application appeared fraudulent and there was no indication from the Georgia Department of Labor database that Renegade Records LLC paid any wages or withheld any state employee taxes in 2019.

50.   On or about July 15, 2020, Cross River Bank approved the PPP loan application for Renegade Records, LLC for $130,000.00.

51.   On or about July 16, 2020, the $130,000 PPP loan was deposited into Synovus Bank #3661.

### IV. CONCLUSION

52.   The Defendant Funds are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) on the grounds that they are proceeds, or are derived from proceeds, traceable to violations of 18 U.S.C. §§ 1343 (wire fraud) and 1344 (bank fraud).

53.   The Defendant Funds are also subject to forfeiture to the United States

pursuant to 18 U.S.C. § 981(a)(1)(A) because they are proceeds, or are derived from proceeds, traceable to violations of 18 U.S.C. §§ 1956 and/or 1957.

WHEREFORE, Plaintiff prays:

(1)    that the Court forfeit the Defendant Funds to the United States of America;

(2)    that the Court award Plaintiff the costs of this action; and

(3)    that Plaintiff have such other and further relief as the Court deems just and proper under the facts and circumstances of this case.

This 7th day of January, 2022.

Respectfully submitted,

KURT R. ERSKINE
UNITED STATES ATTORNEY

*Cynthia B. Smith*
s/Cynthia B. Smith
CYNTHIA B. SMITH
Assistant United States Attorney
Georgia Bar No. 655473
600 Richard Russell Building
75 Spring Street, S.W.
Atlanta, Georgia 30303
404-581-6219
cynthia.smith2@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | |
| $121,679.11 IN FUNDS SEIZED | ) | |
| FROM SYNOVUS BANK | ) | |
| ACCOUNT NUMBER | ) | |
| XXXXXX3661 HELD IN THE | ) | |
| NAME OF RENEGADE | ) | |
| RECORDS, LLC, | ) | |
| Defendant. | | |

## **VERIFICATION OF COMPLAINT FOR FORFEITURE**

I, United States Secret Service Special Agent William P. Tindall, have read

the Complaint for Forfeiture in this action and state that its contents are true and

correct to the best of my knowledge and belief based upon my personal knowledge

of the case and upon information obtained from other law enforcement personnel.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the

foregoing is true and correct.

This __07__ day of January, 2022.

_____
SPECIAL AGENT WILLIAM P. TINDALL
UNITED STATES SECRET SERVICE